

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00351-CV

Robert **TYSON**, Carl and Kathy Taylor, Linda and Ron Tetrick and Ruthe Nilson,
Appellants

v.

Robert N. **FREEMAN**, II, as Principal of Medina Livestock Sales Company, Ltd.,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-13-0000356
Honorable M. Rex Emerson, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 29, 2022

AFFIRMED

Appellants Robert Tyson, Carl and Kathy Taylor, Linda and Ron Tetrick, and Ruthe Nilson

challenge the trial court's August 10, 2021 summary judgment against them. We affirm.

### BACKGROUND

This dispute revolves around leases in a "senior citizen retirement community." Appellants

contend they entered into the leases with the expectation that the leases would last for appellants'

lifetimes. When the leases were terminated during appellants' lifetimes, appellants sued several

individuals and entities. *See Tyson v. Boren*, Nos. 04-14-00824-CV & 04-15-00006-CV, 2015 WL

10382908, at *1 (Tex. App.—San Antonio Mar. 2, 2015, no pet.) (mem. op.) (*Tyson I*).[1] By the time the trial court signed the judgment at issue here, the only remaining claims were appellants' causes of action against appellee Robert N. Freeman, II, as Principal of Medina Livestock Sales Company, Ltd., for: (1) claims under the Texas Deceptive Trade Practices Act; (2) common law fraud; (3) statutory fraud; (4) fraudulent inducement; (5) negligent misrepresentation; (6) negligence; (7) gross negligence; and (8) fraudulent transfer. Appellants also alleged that Medina was Freeman's alter ego.

On July 12, 2021, Freeman filed a no-evidence motion for summary judgment as to the eight causes of action listed above and the alter ego allegations. The trial court set a hearing on Freeman's motion for August 10, 2021. On July 29, 2021, appellants filed a motion requesting, inter alia, that their counsel be permitted "to attend pre-trial" via Zoom. Eight days before the hearing on Freeman's motion for summary judgment, appellants filed a response to Freeman's motion and a cross-motion for summary judgment.

After appellants filed their response and cross-motion, the trial court sent the parties an email stating: (1) "No zoom granted. Please make necessary arrangements to appear in person for Pretrial and Jury Trial"; (2) appellants' "cross-motion for MSJ needs to follow the statutory filing requirements"; and (3) the court "need[ed] an Order Setting appropriate motions for the pretrial hearing date (Exception of course, is the MSJ by submission that has already been set)." The trial court then signed an order setting an August 11, 2021 hearing on appellants' pre-trial motions.

The August 11, 2021 hearing never occurred because on August 10, 2021, the trial court signed an order granting Freeman's no-evidence motion for summary judgment and ordering that

---

[1] This is the fourth appeal to this court arising from summary judgments in the underlying case. *See Tyson v. Freeman*, No. 04-18-00477-CV, 2019 WL 573146, at *1 (Tex. App.—San Antonio Feb. 13, 2019, no pet.) (mem. op.) (*Tyson III*); *Tyson v. Freeman*, No. 04-16-00789-CV, 2017 WL 6032525, at *1 (Tex. App.—San Antonio Dec. 6, 2017, no pet.) (mem. op.) (*Tyson II*); *Tyson I*, 2015 WL 10382908, at *1.

appellants "take nothing by their suit against" Freeman. The trial court's order specified, "All relief not granted is DENIED." Appellants timely filed this appeal.

## ANALYSIS

### *Summary Judgment*

In their first issue, appellants argue the trial court erred by granting Freeman's no-evidence motion for summary judgment. In their second issue, they contend the trial court erred by refusing to consider their cross-motion for summary judgment.

### *Standard of Review*

We review a no-evidence summary judgment under a legal sufficiency standard, viewing the evidence in the light most favorable to the respondent and disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). We will affirm a no-evidence summary judgment if: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* at 751 (internal quotation marks omitted); *see also* TEX. R. CIV. P. 166a(i). To defeat a no-evidence motion for summary judgment, the respondent must present more than a scintilla of evidence to raise a genuine issue of material fact on the challenged issue. *King Ranch*, 118 S.W.3d at 751. "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* (internal quotation marks omitted).

### *Applicable Law*

A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). "[S]uch a motion is sufficiently specific if it asserts there is no evidence of a particular element of a claim or defense." *Gomez v. Am. Honda Motor Co.*, No.

04-16-00342-CV, 2017 WL 3159703, at *2 (Tex. App.—San Antonio July 26, 2017, pet. denied). If a no-evidence motion for summary judgment is sufficient to shift the burden, the respondent must "point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a, cmt. to 1997 amendment. The trial court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i).

Without specific guidance from the respondent, the trial court is "not required to search the record for evidence raising a material fact issue[.]" *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.). A trial court does not err by failing to consider summary judgment evidence to which it was not directed. *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ). "Mere reference to attached evidence is insufficient to avoid summary judgment." *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *5 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.). A general reference to the summary judgment record is "ineffective to point out any particular evidence for the purpose of responding to a no-evidence summary-judgment motion." *Stephens v. Precision Drilling Oilfield Servs. Corp.*, No. 01-11-00326-CV, 2013 WL 1928797, at *6 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op.). However, an express reference to a specific document may be sufficient to direct the trial court's attention to that evidence. *Id.* at *6–7 (recognizing trial court "was not required to sift through" 200 pages of generally referenced evidence, but specific reference to three-page affidavit "was sufficient to point out that piece of evidence"). In determining whether a summary judgment response sufficiently identifies the evidence upon which the respondent relies, "[t]he number of pages [of evidence] is not dispositive. The issue is whether the trial court must search through all of the non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue on a particular element." *Burns*, 2006 WL 461518, at *6.

*Application*

*Freeman's Motion for Summary Judgment*

A.      Sufficiency of Freeman's Motion

As noted above, Freeman sought no-evidence summary judgment on eight separate causes of action and appellants' alter ego allegations. Freeman's motion listed specific elements of the eight substantive causes of action and the alter ego claim and argued the listed elements were not supported by evidence. Because Freeman's motion identified specific elements of appellants' claims that were not supported by evidence, it was sufficient to shift the burden to appellants to produce more than a scintilla of evidence as to the challenged elements of each claim. TEX. R. CIV. P. 166a(i); *Gomez*, 2017 WL 3159703, at \*2.

B.      Appellants' Response to Freeman's Motion

1.      DTPA, fraudulent inducement, negligent misrepresentation, negligence, gross negligence, and fraudulent transfer claims

In response to Freeman's no-evidence challenges to their DTPA, fraudulent inducement, negligent misrepresentation, negligence, gross negligence, and fraudulent transfer claims, appellants asserted factual allegations that they contended supported those claims. However, their response cited no evidence to support those allegations, either expressly or through general references to the summary judgment record. When a summary judgment respondent fails to point out evidence that raises a genuine issue of material fact, the trial court is not required to identify the deficiency, but must instead grant the motion. *Burns*, 2006 WL 461518, at \*6. Because the trial court was not required to "search through all of [appellants'] evidence to determine if a fact issue exists" on the challenged elements of their DTPA, fraudulent inducement, negligent misrepresentation, negligence, gross negligence, and fraudulent transfer claims, it did not err by

granting Freeman a no-evidence summary judgment on those claims. *See id.*; *see also* TEX. R. CIV. P. 166a(i); *Blake*, 123 S.W.3d at 525.

        2.       Common law fraud

Freeman's motion notes that to prevail on their common law fraud claim, appellants were required to show: (1) Freeman made a material misrepresentation; (2) that was false; (3) Freeman made the statement knowing of its falsity or recklessly without regard for its truth; (4) Freeman intended appellants to act upon the misrepresentation; (5) appellants relied on the misrepresentation; and (6) appellants suffered injury by relying on the misrepresentation. *See, e.g., Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998). In response to Freeman's no-evidence challenge to their common law fraud claim, appellants argued:

> All of the elements as stated in Defendant's motion have been met by Plaintiffs as set forth above. Additionally, see excerpts from video zoom deposition of Carl Taylor and deposition excerpts from in person deposition of Robert Tyson conducted by counsel for Defendant annexed as Exhibit D.

Because appellants' response cited specific evidence, the trial court was required to review that evidence to determine if it raised a genuine issue of material fact on the challenged elements of appellants' common law fraud claim. *See Stephens*, 2013 WL 1928797, at *6–7.

We note that there are two documents labeled Exhibit D attached to appellants' summary judgment response: excerpts from depositions of appellants Carl Taylor and Robert Tyson, and two pages of what appears to be deposition testimony from a witness named Demar Boren. After reviewing both documents labeled Exhibit D, we conclude that neither exhibit raises more than a scintilla of evidence on each challenged element. For example, the exhibits do not show that Freeman made any representations to appellants that he knew or should have known were false or that he intended appellants to act upon any such misrepresentation. *See Johnson & Higgins*, 962 S.W.2d at 524. Accordingly, the trial court did not err by granting a no-evidence summary

judgment on appellants' common law fraud claim. TEX. R. CIV. P. 166a(i); *King Ranch*, 118 S.W.3d at 751.

    3.    Statutory fraud

Citing section 27.01(a) of the Texas Business and Commerce Code, Freeman's motion for summary judgment argued that appellants' statutory fraud claim required them to show: (1) Freeman made a false representation of a past or existing material fact in a real estate transaction to another person for the purpose of inducing the making of a contract; and (2) appellants relied on the false representation in entering into the contract. TEX. BUS. & COM. CODE ANN. § 27.01(a)(1). In response to Freeman's no-evidence challenge to their statutory fraud claim, appellants argued:

> The elements of Statutory Fraud have been met as Plaintiffs' [*sic*] were told the authorized agent who signed the contracts on behalf of Defendant and in the Defendant's name (as an example, see Exhibit "E" annexed hereto) that they had lifetime leases with frozen maintenance fees, both verbally and in writing, and those representations were relied on Plaintiffs [*sic*] to their detriment.

Because appellants specifically cited to Exhibit E of their response, the trial court was required to review that evidence to determine whether it raised more than a scintilla of evidence on the challenged elements of appellants' statutory fraud claim. *See Stephens*, 2013 WL 1928797, at *6–7.

As with Exhibit D, there are two documents labeled Exhibit E attached to appellants' summary judgment response: three pages of what appears to be Boren's deposition testimony, and a document entitled "Property Lease Contract." After reviewing those exhibits, we conclude they do not raise a fact issue on each challenged element of statutory fraud. Specifically, those exhibits do not show that Freeman made a false representation of material fact for the purpose of inducing appellants to execute a contract. *See* TEX. BUS. & COM. CODE § 27.01(a)(1). Accordingly, the trial court did not err by concluding appellants failed to produce more than a scintilla of evidence to

support the challenged elements of that claim. TEX. R. CIV. P. 166a(i); *King Ranch*, 118 S.W.3d at 751.

4.      Alter Ego

While Freeman challenged the evidentiary basis for appellants' alter ego claim, he also argued as a threshold matter that he was entitled to summary judgment on that claim because alter ego "is not an independent cause of action" and "[t]here is no evidence of an underlying cause of action against [Freeman]." In response, appellants argued, "There is also an underlying, independent cause of action—that [Freeman] was individually liable for the actions of Medina[.]" They did not present any argument or authority showing that the trial court could properly consider their alter ego claim as an independent theory of liability.

Freeman's assertion that alter ego is not a viable theory of liability in the absence of an underlying cause of action was correct as a matter of law. *See, e.g.*, *Cox v. S. Garrett, L.L.C.*, 245 S.W.3d 574, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Because we have held that the trial court correctly granted Freeman a no-evidence summary judgment on appellants' substantive causes of action, it did not err by summarily rejecting appellants' allegation that Medina was Freeman's alter ego. *See id.*

Having concluded that the trial court correctly granted no-evidence summary judgment for Freeman on each challenged claim, we overrule appellants' first issue.

*Appellants' Motion for Summary Judgment*

In their second issue, appellants contend the trial court erred by refusing to consider their cross-motion for summary judgment. A summary judgment movant must file and serve its motion "at least twenty one days before the time specified for the hearing." *Structural Insulated Panels Tex., LP v. Chapman*, No. 04-15-00718-CV, 2016 WL 2936371, at *1 (Tex. App.—San Antonio May 18, 2016, no pet.) (mem. op.) (citing TEX. R. CIV. P. 166a). Here, appellants filed their cross-

motion for summary judgment on August 2, 2021, eight days before the August 10, 2021 hearing. Because appellants did not file their cross-motion twenty-one days before the August 10, 2021 hearing, the trial court did not err by refusing to consider the motion during that hearing.

Additionally, appellants' cross-motion for summary judgment argued only that Freeman "has offered no proof whatsoever that [he] has no personal liability" for appellants' claims. The trial court's August 10, 2021 order granting Freeman's no-evidence motion for summary judgment specified that appellants should "take nothing" by their substantive claims, and it expressly "dispose[d] of all parties and matters before the Court." Appellants cite no authority holding that a trial court errs by refusing to consider a cross-motion for summary judgment after it has already disposed of the issues presented by that motion.

We overrule appellants' second issue.

### Denial of Zoom Hearing

In their third issue, appellants argue the trial court erred by denying their attorney's request to appear at a pre-trial hearing over Zoom. To the extent appellants argue their counsel should have been permitted to attend the August 10, 2021 summary judgment hearing via Zoom, they have not argued or shown that this ruling probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a). Accordingly, we may not reverse the trial court's judgment on that basis. *See id.*

To the extent appellants argue the trial court should have permitted their counsel to attend the scheduled August 11, 2021 pre-trial hearing over Zoom, we note that appellants' own brief explains that hearing never occurred "since the judge granted [Freeman's] motion for Summary Judgment the day prior to pre-trial." Appellants cite no authority holding that a trial court commits reversible error in these circumstances.

We overrule appellants' third issue.

*Disqualification*

In their fourth issue, appellants argue the trial court judge who granted Freeman's motion for summary judgment should be removed from any further proceedings in this case. A judge may be removed from a case because he is constitutionally disqualified, subject to a statutory strike under section 74.053(d) of the Texas Government Code, or recused under rules promulgated by the Texas Supreme Court. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding). Appellants have not cited any authority or evidence to show the judge was constitutionally disqualified. *See* TEX. CONST. art. V, § 11 ("No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case."). Additionally, because nothing in the record indicates the judge was an assigned judge who "was defeated in the last primary or general election for which" he was a candidate for the office he held, section 74.053(d) does not apply here by its plain language. TEX. GOV'T CODE ANN. § 74.053(d).

Because the record does not show the trial court judge was constitutionally disqualified or subject to a statutory strike, appellants were required to raise this issue below by proper motion. *See, e.g.*, *In re Union Pac.*, 969 S.W.2d at 428; *In re R.L.L.*, No. 04-18-00240-CV, 2018 WL 6069866, at *5 (Tex. App.—San Antonio Nov. 21, 2018, pet. denied) (mem. op.); *In re R.A.*, 417 S.W.3d 569, 581–82 (Tex. App.—El Paso 2013, no pet.). They did not. As a result, they failed to preserve this issue for our review. TEX. R. APP. P. 33.1; *In re R.L.L.*, 2018 WL 6069866, at *5.

## CONCLUSION

We affirm the trial court's judgment.

Beth Watkins, Justice